**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ERIC SANDERS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1544-HE** |
| | ) | |
| **COMANCHE COUNTY DETENTION CENTER, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner filed this action pursuant to 42 U.S.C. § 1983 on June 24, 2026. Doc. 1. United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Doc. 4. The undersigned recommends the Court dismiss the complaint without prejudice based on Petitioner's failure to follow the Court's rules and orders.

## I. Discussion.

On June 26, 2026, the Court ordered Petitioner to cure deficiencies in his complaint and in forma pauperis (IFP) motion. Doc. 5. The undersigned warned Petitioner that if he failed to comply with the Court's order to cure by July 17, 2026, his case would be subject to dismissal. *Id.* at 1-2. Petitioner submitted an amended complaint and an amended motion for IFP. Docs. 6, 7. However, the amended motion for IFP did not include the signature of an

authorized officer of the penal institution or a certified copy of Plaintiff's institutional accounts statement. Doc. 7. On July 24, the Court ordered Plaintiff to cure these deficiencies and advised him that failure to comply with the order would result in dismissal. Doc. 8. On August 10, Plaintiff submitted a third motion for IFP. Doc. 9. This motion still did not include either the signature of an authorized officer or a certified copy of Plaintiff's institutional accounts statement. *Id.*

Under Fed. R. Civ. P. 41(b), a court may dismiss an action if the petitioner "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Courts have consistently interpreted this rule to permit sua sponte dismissal. *Huggins v. Sup. Ct. of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002))). And if dismissal is without prejudice, the court may dismiss without attention to the non-exhaustive list of factors that, by contrast, must inform a dismissal with prejudice. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 & n.2.

Petitioner appears pro se, but he must follow the same rules as any other litigant. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir.

2007) (holding a pro se litigant "to the same rules of procedure as other litigants"). The undersigned finds that Petitioner's failure to comply with this Court's orders and rules, together with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007) (noting Rule 41(b) permits courts "to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedures or court's orders"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution).

## II. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss this action without prejudice.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 11, 2026 in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises Petitioner that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 21st day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE